UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ISMAEL ABELINO                                                                Civil Action No.

                  Plaintiff,

      -against-

NEW SEASONS FOOD CORP. d/b/a/ TOTTO RAMEN
MIDTOWN EAST, MMMSG, INC. d/b/a/
HIDE CHAN RAMEN, RYUICHI MUNEKATA, and
HIDETO KAWAHARA,

                Defendants.
-------------------------------------------------------------------------X

## COMPLAINT

The Plaintiff, Ismael Abelino, as and for his Complaint against Defendants, New Seasons Food Corp. d/b/a/ Totto Ramen Midtown East, MMMSG, Inc. d/b/a/ Hide Chan Ramen, Ryuichi Munekata, and Hideto Kawahara ("Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1.     The Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law (hereinafter the "NYLL"), and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2.     Jurisdiction over the Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.     The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5.     The Plaintiff, Ismael Abelino ("Plaintiff"), is a resident of Bronx, New York.

6.     The Plaintiff was employed by Defendants from on or about November, 2013 until on or about February 5, 2016.

7.     Upon information and belief, New Seasons Food Corp. d/b/a/ Totto Ramen Midtown East ("New Seasons") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Upon information and belief, Defendant New Seasons operates a restaurant located at 248 East 52nd Street, New York, New York 10022.

9.     Upon information and belief, Defendant MMMSG, Inc. d/b/a/ Hide Chan Ramen ("MMMSG, Inc.") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.     Upon information and belief, Defendant MMMSG, Inc. operates a restaurant located at 248 East 52nd Street, 2nd Floor, New York, New York 10022.

11.     Upon information and belief, Defendant Ryuichi Munekata ("Munekata") is a resident of the State of New York.

12.     At all relevant times, Defendant Munekata was and still is an owner of Defendant New Seasons. Upon information and belief, at all times relevant, Defendant Munekata exercised operational control over New Seasons, controlled significant business functions of New Seasons, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of New Seasons in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees.  As such, at all relevant times, Munekata has been an employer under the FLSA and the NYLL.

13.     At all relevant times, Defendant Munekata was and still is an owner of Defendant MMMSG, Inc. Upon information and belief, at all times relevant, Defendant Munekata exercised operational control over MMMSG, Inc., controlled significant business functions of MMMSG, Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of MMMSG, Inc. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees.  As such, at all relevant times, Munekata has been an employer under the FLSA and the NYLL.

14.     At all relevant times, Defendant Kawahara was and still is an owner of Defendant MMMSG, Inc. Upon information and belief, at all times relevant, Defendant Kawahara exercised operational control over MMMSG, Inc., controlled significant business functions of MMMSG, Inc., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of MMMSG, Inc. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees.  As such, at all relevant times, Kawahara has been an employer under the FLSA and the NYLL.

## FACTS

15.     Upon information and belief, Defendant Munekata owns both restaurants, Defendant New Seasons located at 248 East 52nd Street, New York, New York 10022 and Defendant MMMSG, Inc. located at 248 East 52nd Street, 2nd Floor, New York, New York 10022.

16.     Upon information and belief, Defendant Kawahara is an owner of Defendant MMMSG, Inc. located at 248 East 52nd Street, 2nd Floor, New York, New York 10022.

17.     At all times relevant to this action, the Plaintiff was employed as a cook for the benefit of and at the direction of Defendants.

18.     During his employment, the Plaintiff's primary job responsibilities as a cook for Defendants included preparing and cooking food for Defendants' patrons, including, for example, cooking seven types of ramen and appetizers.

19.     Both Munekata and Kawahara participated in the decision to hire Plaintiff.

20.     The Plaintiff was supervised by both Munekata and Kawahara.

21.     The Plaintiff's rate of pay was set by both Munekata and Kawahara.

22.     The manner in which the Plaintiff was paid was set by both Munekata and Kawahara.

23.     The Plaintiff's work schedule was set by both Munekata and Kawahara.

24.     Defendant Munekata participated in the decision to fire Plaintiff.

25.     From around November, 2013 until on or about September 8, 2014, the Plaintiff worked for Defendants at the MMMSG, Inc. restaurant located at 248 East 52nd Street, 2nd Floor, New York, New York 10022.

26.     During this time, the Plaintiff worked six days a week with Tuesdays being his day off each week.

27.     During this time, the amount of hours that the Plaintiff worked on Mondays, Wednesdays, Thursdays, Fridays, Saturdays, and Sundays varied. However, the Plaintiff's general work schedule was as follows: Monday from 11:00 a.m. to 11:00 p.m., Wednesday from approximately 2:00 p.m. to approximately 11:00 p.m., Thursday from approximately 4:00 p.m. to approximately 1:00 a.m., Friday from 4:00 p.m. to 4:00 a.m., Saturday from 3:00 p.m. to 11:00 p.m. and Sunday from 2:00 p.m. to 11:00 p.m.

28.     During this time, the Plaintiff consistently worked a minimum of fifty-nine hours (59) each workweek.

29.     During this time, the Plaintiff was not given any uninterrupted meal breaks.

30.     During this time, the Plaintiff was paid on a weekly basis in the amount of $690.00 per week.

31.     During this time, the Plaintiff was paid by check.

32.     During this time, Defendants did not maintain accurate time records of the amount of hours that the Plaintiff worked each week.

33.     During this time, Defendants did not pay Plaintiff overtime compensation.

34.     During this time, Defendants did not pay Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

35.     During this time, Plaintiff worked shifts in excess of 10 hours.

36.     During this time, Defendants did not pay Plaintiff spread of hours compensation.

37.     From on or about September 9, 2014 until on or about February 5, 2016, the Plaintiff worked for Defendants as a cook at the Totto Ramen Midtown East restaurant located at 248 East 52nd Street, first floor, New York, New York 10022.

38.     During this time, the Plaintiff worked six days a week with Tuesdays being his day off each week.

39.     During this time, the Plaintiff worked Mondays, Wednesdays, Thursdays, Fridays, Saturdays and Sundays from around 3:30 p.m. to 12:00 a.m.

40.     During this time, the Plaintiff was not given any uninterrupted meal breaks.

41.     During this time, the Plaintiff worked a minimum of fifty-one (51) hours each workweek.

42.     During this time, Defendants paid the Plaintiff by check at the same weekly rate of $690.00 per week for the first two workweeks. After the first two workweeks, Defendants paid Plaintiff by the hour.  Additionally, Plaintiff received tips.

43.     During this time, the Plaintiff received and shared tips with three other cooks and five wait staff employees employed by Defendants at the restaurant.

44.     During this time, the Plaintiff was paid either entirely with tips in cash or partly by check and partly in cash.

45.     During this time, the Plaintiff punched in at the beginning of each shift and punched out at the end of each shift.

46.     During this time, upon information and belief, Defendants maintained accurate time records for the hours that the Plaintiff worked each day and each week.

47.     During this time, Defendants regularly took a tip credit towards the basic minimum hourly rate paid to the Plaintiff.

48.     During his entire employment, Defendants never informed the Plaintiff of the Federal and New York state tip credit requirements.

49.     During his entire employment, the Plaintiff consistently worked shifts in excess of ten (10) hours each workweek.

50.     During his entire employment, Defendants, however, did not pay the Plaintiff spread of hours compensation.

51.     During his entire employment, Defendants did not pay the Plaintiff overtime compensation for those hours that he worked in excess of forty (40) hours each workweek.

52.     During his entire employment, Defendants did not pay the Plaintiff one and one-half times his regular rate of pay when he worked more than forty (40) hours each workweek.

53.     During his entire employment, when the Plaintiff worked more than forty (40) hours each week, Defendants did not properly calculate his overtime rates because Defendants improperly availed themselves of the Federal and New York state tip credit.

54.     During his entire employment, Defendants managed the Plaintiff's employment, including the amount of overtime that he worked each week.

55.     During his entire employment, Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

56.     During his entire employment, Defendants were aware of the Plaintiff's work hours, but failed to pay the Plaintiff the full amount of wages to which he was entitled for this work time under the law.

57.     Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for the Plaintiff's rights; and the Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

58.     The Plaintiff alleges, re-alleges, and incorporates by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

59.     At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

60.     At all times relevant to this Complaint, Defendants "employed" the Plaintiff by suffering or permitting him to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

61.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

62.     At all times relevant to this Complaint, each corporate Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)). As such, the corporate Defendants were and are subject to the overtime pay requirements of the FLSA because said Defendants are enterprises engaged in commerce or in the production of goods for commerce.

63.     Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant New Seasons Food Corp. for the years 2015 and 2014 was not less than $500,000.00.

64.     Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant MMMSG, Inc. for the years 2014 and 2013 was not less than $500,000.00.

65.     At all times relevant to this action, the Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq.*

66.     Section 207(a)(1 ) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

67.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Plaintiff overtime compensation as required by the FLSA.

68.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1 ) of the FLSA.

69.     However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

70.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

71.     Defendants have not acted in good faith with respect to the conduct alleged herein.

72.     As a result of Defendants' violations of the FLSA, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FLSA Minimum Wage Claim

73.      The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a).

74.      Defendants routinely and regularly failed to pay Plaintiff the applicable minimum wage, in violation of 29 U.S.C. §206(a).

75.      Corporate Defendants were and are subject to the minimum wage requirements of the FLSA because said Defendants are enterprises engaged in commerce or in the production of goods for commerce.

76.      Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant New Seasons Food Corp. for the years 2015 and 2014 was not less than $500,000.00.

77.      Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant MMMSG, Inc. for the years 2014 and 2013 was not less than $500,000.00.

78.      At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 206, *et seq.*

79.      By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff minimum wages as required by the FLSA.

80.      Defendants have acted willfully and have either known that their conduct

violated the FLSA or has shown reckless disregard for the matter of whether their
conduct violated the FLSA.  Defendants have not acted in good faith with respect to the
conduct alleged herein.

81.     As a result of Defendants' violations of the FLSA, Plaintiff has incurred
harm and loss in an amount to be determined at trial, along with liquidated damages,
attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT III
## NYLL Overtime Claim

82.     The Plaintiff alleges, re-alleges, and incorporates by reference all
allegations from all preceding paragraphs as though fully set forth herein.

83.     At all times relevant to this Complaint, Defendants were "employers" of the
Plaintiff within the meaning of the NYLL and the Regulations pertaining thereto.

84.     At all times relevant to this Complaint, the Plaintiff was an "employee" of
Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

85.     At all times relevant to this Complaint, Defendants employed the Plaintiff,
suffering or permitting him to work within the meaning of NYLL and the Regulations
pertaining thereto.

86.     At all times relevant to this Action, the Plaintiff was employed by
Defendants within the meaning of NYLL §§ 2 and 651.

87.     Under New York law, an employee must be paid overtime, equal to one and
one-half times the employee's regular rate of pay, for all hours worked in excess of forty
(40) per week in the manner and methods provided by the FLSA.  12 N.Y.C.R.R. §142-
2.2.

88.     By the above-alleged conduct, Defendants have failed to pay the Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

89.     By the above-alleged conduct, Defendants failed to pay the Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

90.     The Plaintiff is not exempt from the overtime provisions of the NYLL and the Regulations, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

91.     Defendants have acted willfully and have either known that their conduct violated the NYLL and the Regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

92.     As a result of Defendants' violations of the NYLL and the Regulations promulgated therein, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

**COUNT IV**
**Failure to Pay Spread of Hours Compensation Claim**

93.     At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the NYLL and the Regulations pertaining thereto.

94.     At all times relevant to this Complaint, the Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the Regulations pertaining thereto.

95.     At all times relevant to this Complaint, Defendants employed the Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the Regulations pertaining thereto.

96.     In violation of the NYLL and the regulations pertaining thereto, Defendants failed to pay the Plaintiff an additional hour of pay when the spread of hours between the beginning and end of the Plaintiff's workday exceeded ten (10).

97.     Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to the Plaintiff's rights.

98.     As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT V
### NYLL Section 196-d Claim

99.     During his employment, the Plaintiff received tips when he cooked for Defendants.

100.     During his employment, the tips that the Plaintiff received are legal gratuities that belong to the Plaintiff.

101.     The Plaintiff is eligible to receive tips under the NYLL as a principal and regular part of his duties was to provide direct customer service to patrons of Defendants' restaurants.

102.     Defendants kept a percentage of all credit card tips received from tips and gratuities made by the Plaintiff.

103.     As a result of Defendants' acceptance and retention of gratuities belonging to the Plaintiff, the Plaintiff was deprived of gratuities guaranteed to him by the NYLL.

104.    Defendants have violated the NYLL and such violation constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to the Plaintiff's rights.

105.    As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, the Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT VI
## NYLL Failure to Provide Wage Notices Claim

106.    Defendants willfully failed to furnish the Plaintiff with wage notices during the entirety of his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by the Plaintiff as his primary language, which were to contain, among other things, the Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the Plaintiff's regular hourly rates of pay and overtime rates of pay.

107.    Through their knowing and intentional failure to provide the Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

108.    Due to Defendants' willful violations of the NYLL, the Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT VII
## NYLL Failure to Provide Wage Statements Claim

109.     Defendants willfully failed to provide the Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

110.     Through their knowing and intentional failure to provide the Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

111.     Due to Defendants' willful violations of the NYLL, the Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT VIII
## NYLL Minimum Wage Claim

112.     At all times relevant to this Complaint, Defendants were an "employer" of Plaintiff within the meaning of the NYLL and the regulations pertaining thereto.

113.     At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

114.     At all times relevant to this Complaint, Defendants employed Plaintiff suffering or permitting him to work within the meaning of NYLL and the regulations pertaining thereto.

115.    Defendants failed to pay Plaintiff the statutory minimum wage rate for all hours worked, in violation of the NYLL and the regulations pertaining thereto.

116.    Such failure constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

117.    As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of the Plaintiff, for a sum that will properly, adequately, and completely compensate the Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that the Defendants committed one or more of the following acts:

1.    Violated provisions of the FLSA by failing to pay overtime and minimum wages to the Plaintiff;

2.    Willfully violated overtime provisions of the FLSA;

3.    Violated the provisions of the NYLL by failing to pay the Plaintiff overtime and minimum wages, spread of hours pay and gratuities;

4.    Willfully violated such provisions of the NYLL.

B.    Award compensatory damages, including all overtime compensation, spread of hours compensation, and gratuities owed, in an amount according to proof;

C.      Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D.      Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
         August 16, 2016

By: Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, NY 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **New Season Foods Corp., et al** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against , , , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)

_____
Ismael Abelino

_____
2545 Walton Ave

_____
Bronx, NY,